CHARLES D. HALSEY, APPELLEE v. ORVIN C. PHILLIPS, APPELLANT.

FILED JUNE 7, 1920. No. 21052.

Assault: ARREST WITHOUT A WARRANT. When an arrest without a warrant is sought to be justified, it must appear that a crime has been committed, and there must be reasonable ground to believe the person arrested is guilty of the offense.

APPEAL from the district court for Kimball county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Torgerson & Higgins* and *Rodman & Rodman,* for appellant.

*Halligan, Beatty & Halligan* and *W. T. Wilcox,* contra.

DEAN, J.

Defendant appealed from a verdict and judgment rendered against him for $700 as damages for personal injuries sustained by plaintiff while being placed under an alleged unlawful arrest.

Defendant was a deputy sheriff. In his answer he alleged that in arresting plaintiff he used only such force as was necessary to overcome plaintiff's resistance.

These facts seem to be established. Plaintiff was riding slowly in his car, and alone, when defendant appeared, and, jumping on the fender, told him, as defendant testified, "to consider himself under arrest for assault and battery for beating up Mr. Biggs." After an exchange of a few words he struck plaintiff over the head with a 44 or 38 Colt six-shooter, the blow cutting through plaintiff's cap and making a wound in his head about two inches in length, in which "they took three stitches." As a result of the first blow plaintiff sank down in the car seat and raised his left arm to cover his face and head, when he was again struck by defendant with the revolver on his head and face and arm three or four times. Plaintiff's left hand and arm were bruised by the beating so that he was unable to do any work for a month or six weeks.

Plaintiff testified that he offered no resistance; that he told defendant he would go with him if he would let him put his car away; that defendant refused, and after he had beaten him pulled him out of his own car and put

him into another car and held the six-shooter on him
until they reached Kimball; that on arrival there they
went to a doctor's office, where plaintiff's wounds were
dressed, and thence to the sheriff's office; that he was
not taken before any court, but was released from cus-
tody; that he then hired a car and went home; that by
reason of his injuries he was compelled to hire a man
to do his work on the farm for more than a month; that
his wounds caused intense pain, which continued up to
the time of the trial, and that as a result of the beating
he was continually subject to headaches.

Plaintiff's testimony as to the beating was corrobo-
rated in the main by two or three witnesses and in large
part by defendant. As tending to show animus, a wit-
ness testified that defendant said to plaintiff, " 'You
got me up here the other day when I had a team and
nothing to defend myself.' He then jumped onto the
footboard of the car and pounded Mr. Halsey with a
gun;" that defendant struck plaintiff six times over
the head and arm, and that he made no resistance and
no attempt to strike defendant at any time.

Defendant admitted making the arrest without a war-
rant on the request of the man named Biggs, who had
informed him that plaintiff "had just about killed him
up there." He testified that when he went to make the
arrest, accompanied by Biggs, and told plaintiff about
the alleged assault and battery on Biggs, and, "that he
was to consider himself under arrest," plaintiff re-
fused to go, and he was compelled to take him by force;
that when plaintiff drew back his arm as though to
strike he "landed on him with the gun and struck him
until he said 'all right, I will go,' " that he "probably
struck him four or five blows;" that when he struck
him on top of his head he "settled down into the auto
and remained in that position until he said he would
go."

Defendant complains because the court instructed the
jury, among other things, "that it is not claimed that

plaintiff was guilty of the commission of any felony, nor is it claimed that defendant found or saw the plaintiff violating any law of the state or any municipality, nor does the defendant claim that he had any warrant for the plaintiff's arrest." The court did not err in so instructing the jury. Defendant's answer and the evidence show that defendant did not have reasonable or just cause to believe that a felony or any crime had been committed. It appears that no complaint was filed against plaintiff at any time.

Section 8938, Rev. St. 1913, provides: "Any person not an officer may, without warrant, arrest any person, if a petit larceny or a felony has been committed, and there has been reasonable ground to believe the person arrested guilty of such offense, and may detain him until a legal warrant can be obtained."

That defendant overstepped his official prerogative plainly appears. Plaintiff did not commit a felony, nor was he guilty of petit larceny, nor was there reasonable ground to believe that he was guilty of committing either offense. Defendant argues that the verdict is the result of passion and prejudice, and that it is excessive. We do not agree. That defendant used excessive force and that plaintiff was brutally beaten by him sufficiently appears.

When an arrest without a warrant is sought to be justified, it must appear that a crime has been committed, and there must be reasonable ground to believe the person arrested is guilty of the offense. This has not been shown in the present case. The facts were fairly submitted, and the verdict is abundantly sustained by the evidence.

The judgment is

AFFIRMED.